PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
AJAY KRISHNAMURTHY (CABN 305533)
ALETHEA M. SARGENT (CABN 288222)
Assistant United States Attorneys

> 1301 Clay Street, Suite 340S
> Oakland, California 94612
> Telephone: (510) 637-3680
> FAX: (510) 637-3724
> Eric.Cheng@usdoj.gov
> Ajay.Krishnamurthy@usdoj.gov
> Alethea.Sargent@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) Case No. 23-CR-00268-JSW |
|---|---|
| Plaintiff, | ) **UNITED STATES' MOTION *IN LIMINE* 3:** *Motion to Admit Business and/or Public Records and Summaries* |
| v. | |
| (2) DEVON CHRISTOPHER WENGER, | ) Pretrial:   March 24, 2025<br>) Trial:      April 28, 2025<br>) Court:      Honorable Jeffrey S. White |
| Defendant. | |

The government intends to offer evidence under Federal Rule of Evidence 902(11) and moves the Court for an order that the records identified herein are self-authenticating and not hearsay under Rules 902 and 803.  Alternatively, the government moves the Court for an order that the records are admissible under Rule 807.

### A.     Background

The government provided background facts for this matter in Section I of its Motion in Limine No. 1, which is incorporated by reference here.

### B.     Legal Standards

Rule 902(11) provides that documents which are admissible as records of regularly conducted activity, as provided for under Rule 803(6), may be admitted without calling a records custodian as a witness, provided the proponent gives notice to the adverse party and makes the records and certifications available for inspection.  Rule 803(6) applies to records that are: (A) made at or near the time by, or from information provided by, someone with knowledge; (B) kept in the course of a regularly conducted activity of a business, organization, occupation, or calling; and (C) made as a result of a regular practice of that activity.

Certifications that render documents self-authenticating do not implicate the Sixth Amendment's Confrontation Clause.  *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) ("Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial.") (citing *Crawford v. Washington*, 541 U.S. 36, 56 (2004)); *see also United States v. Gal*, 606 Fed. App'x 868, 875 (9th Cir. Mar. 27, 2015) (unpublished); *United States v. Anekwu*, 695 F.3d 967, 976-77 (9th Cir. 2012).

### C.     Certified Records of Regularly Conducted Business Activities by Financial and Educational Institutions

The government moves *in limine* for an order admitting certain exhibits as business records under Federal Rule of Evidence 902(11) and 803(6), including:

- PayPal (Venmo): Copies of financial institution business records (Bates US-PAYPAL-

000635 – US-PAYPAL-00770);

- <u>PayPal (Venmo)</u>: Copies of financial institution business records (Bates US-PAYPAL-003420).

The government produced these records in discovery, along with a custodian of records declaration. Accordingly, these business records are admissible under the self-authentication provisions of Rule 902(11) and hearsay exception of Rule 803(6) without the need to call a records custodian.

### D.  Rule 807

Even if the above-listed documents were found to be, or contain, hearsay (which they should not, for the reasons above), they should nevertheless be admissible under Federal Rule of Evidence 807. Rule 807 allows a statement not covered by the hearsay exceptions enumerated in Rules 803 to be admitted "if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules [of evidence] and the interests of justice will best be served by admission of the statement into evidence." Fed. R. Evid. 807.

Here, the financial records are precisely the types of documents that Rule 807 was designed to reach. For example, courts "have long recognized that bank statements may be admitted under the residual exception to hearsay because 'bank documents, like other business records, provide circumstantial guarantees of trustworthiness because the banks and their customers rely on their accuracy in the course of their business.'" *In re Mendez*, No 06-1111, 2008 WL 597280, *9 (Bankr. E.D.C.A. Feb. 29, 2008)). Indeed, courts have upheld admission of such statements "[g]iven the circumstantial guarantees of trustworthiness which were present . . . the distant location of the bank, and the lack of any evidence in the record to suggest that the bank records are anything other than what they purport to be." *Karme v. Comm'r*, 673 F.2d 1062, 1065 (9th Cir. 1982 (citing *United States v. Friedman*, 593 F.2d 109, 118-119 (9th Cir. 1979)).

Accordingly, in the alternative to Rules 902 and 803, the Court should conclude that the financial, institutional, public, and other similar records at issue are also admissible under Rule 807.

| | | |
|---|---|---|
| 1 | DATED: February 21, 2025 | Respectfully submitted, |
| 2 | | PATRICK D. ROBBINS |
| 3 | | Acting United States Attorney |
| 4 | | |
| 5 | | _____/s/_____ |
| | | ERIC CHENG |
| 6 | | AJAY KRISHNAMURTHY |
| 7 | | ALETHEA SARGENT |
| | | Assistant United States Attorneys |